# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-30179
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MARIEA I. DAVIS; EMILY ANN GARDNER,

Defendants–Appellants.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CR-30015-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Mariea I. Davis and Emily Ann Gardner appeal their convictions for conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. They argue that the evidence was insufficient to support their convictions, the district court abused its discretion by denying their Federal Rule of Evidence 404(b) motion and allowing evidence of marijuana possession to be admitted, and the district court abused its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in instructing the jury that the conspiracy offense involved "a controlled substance" rather than referring specifically to methamphetamine.

Because the defendants preserved their arguments below, we review the sufficiency of the evidence de novo to determine "whether a rational trier of fact, after considering all the evidence and reasonable inferences drawn therefrom in a light most favorable to the verdict, could have found the defendant guilty beyond a reasonable doubt." United States v. Conner, 537 F.3d 480, 484 (5th Cir. 2008) (quoting United States v. Harris, 420 F.3d 467, 470 (5th Cir. 2005)). A review of the Government's case-in-chief establishes that Davis and Gardner were sisters who were traveling in a rental car that was rented by another sister who was not present. They were traveling eastbound on I-20 in Lincoln Parish, Louisiana, although the rental car was not supposed to be driven outside of Mississippi or Georgia. When questioned, Davis stated that they were traveling from Atlanta. She then related several inconsistent versions of where they were coming from and what they had done. In one version, she stated that she had driven the rental car to Dallas, while receiving directions from her cousin, Quinton, who also made the trip but in a separate car. Quinton had promised to give her $500 to go shopping in Dallas. However, they did not go shopping in Dallas, and she did not receive the $500. The evening they arrived, Quinton took the rental car and left with three other men. When he returned, he told them that it was time to drive back to Mississippi. During the return trip, Quinton called Davis on her cell phone several times to warn her not to speed when he observed police near the road. Davis testified that this made her suspicious.

Gardner advised the officers that they traveled from Gulfport, Mississippi, to Dallas, Texas, in order to visit her mother and some other relatives and friends. She appeared extremely nervous and could not tell one of the officers whom she had visited, nor could she recall the name of the hotel where they had stayed. She admitted that, while in Dallas, a friend of theirs had taken the

2

rental car and driven off with three other men. Her description of this man did not match her sister's. Gardner did not have any identification, a purse, or any clothes with her. One of the officers described her eye contact during the interview as deceptive and noted that she had answered the questions very slowly.

After receiving consent to search the vehicle, officers found a shoe box in the trunk that contained approximately $400,000 worth of methamphetamine. Both Davis and Gardner denied knowledge of the drugs.

The distance between Gulfport, Mississippi, and Dallas, Texas, is considerable, but Gardner's statements indicated that they left on Wednesday and started to drive back the next morning. In light of the less than credible descriptions of the trip (including Gardner's inability to name the friends and relatives they allegedly had visited and Davis's contention that they went to go shopping but never did); the inconsistent answers given by the two women; Gardner's extreme nervousness and concern when she was told that the car was to be searched; the suspicious actions of their friend in taking the rental car and leaving with three men and then informing them upon his return that it was time to leave; and the value and quantity of the drugs found, a rational trier of fact could have found the defendants guilty of conspiracy and of possession with intent to distribute methamphetamine. See United States v. Villarreal, 324 F.3d 319, 324-25 (5th Cir. 2003); United States v. Casilla, 20 F.3d 600, 606-08 (5th Cir. 1994). Accordingly, the evidence was sufficient to support the convictions.

Davis and Gardner argue that the district court erred under Federal Rule of Evidence 404(b) by admitting evidence that a personal-use amount of marijuana was found in the car. However, the district court determined that the marijuana was intrinsic evidence. Accordingly, Rule 404(b) was inapplicable, and this argument is without merit. See United States v. Yi, 460 F.3d 623, 632 (5th Cir. 2006).

Davis and Gardner contend that the jury charge would have been more clear if the district court had specified that the conspiracy count involved methamphetamine, rather than a "controlled substance." To obtain a conviction under 21 U.S.C. § 846, the Government did not have to establish that Davis and Gardner knew that the substance in the trunk was methamphetamine; rather, it was sufficient if they knew that it was a controlled substance. See United States v. Patino-Prado, 533 F.3d 304, 309-10 (5th Cir. 2008) (per curiam), cert. denied, 129 S. Ct. 328 (2008). The district court's instruction, when coupled with its recitation of the indictment, which specified that the charge related to methamphetamine, properly guided the jury in its deliberations and was not an abuse of discretion. See United States v. Klein, 543 F.3d 206, 210 (5th Cir. 2008), petition for cert. filed (U.S. Jan. 13, 2009) (No. 08-8207).

AFFIRMED.